UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CIVIL ACTION NO. 3:23-CV-277-CRS-RSE

CASEY C.                                                                                            PLAINTIFF

v.

MARTIN O'MALLEY,
*Commissioner of the Social Security Administration*[1]                DEFENDANT

**MEMORANDUM OPINION & ORDER**

The Commissioner of Social Security denied Casey C.'s ("Claimant's") claims for supplemental security income under Title XVI of the Social Security Act. Claimant seeks judicial review of that decision pursuant to 42 U.S.C. § 405(g). The court referred this matter to U.S. Magistrate Judge Regina S. Edwards for preparation of a report and recommendation. She recommends that the Commissioner's decision be affirmed. Report, DN 19. Claimant objects to that recommendation. Objections, DN 22. The court will now consider Claimant's Objections.

**I. Background**

In her SSI application, Claimant alleged disability because of lower back pain, schizoaffective disorder, disassociated amnesia, hypertension, anxiety, and mild agoraphobia. Her claim was denied initially and on reconsideration. After a telephonic hearing, an administrative law judge ("ALJ") issued a written decision concluding that Claimant was not disabled within the meaning of the Social Security Act. Claimant's request for administrative review was denied by the Appeals Council. As a result, the ALJ's decision became final and subject to judicial review. 42 U.S.C. §§ 405(g) and (h); 20 C.F.R. § 422.210(a).

**II. Standard of Review**

---

[1] Martin O'Malley became the Commisioner of the Social Security Administration on Decemer 20, 2023. Pursuant to FED. R. CIV. P. 25(d), he is substituted for former Acting Commissioner Kilolo Kijakazi.

The court conducts a de novo review of the portions of the magistrate judge's Report to which Claimant has filed timely and specific written objections. FED. R. CIV. P. 72(b); 28 U.S.C. § 636(b)(1). "A general objection to the entirety of the magistrate [judge's] report has the same effect as would a failure to object." *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). To be specific, objections must "pinpoint those portions of the" magistrate judge's "report that the district court must specifically consider." *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). After considering all specific objections, the court may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1)(C).

In reviewing findings by an ALJ, the court must determine whether those findings are supported by substantial evidence and made pursuant to proper legal standards and nothing more. *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007); 42 U.S.C. § 405(h). Substantial evidence is "more than a scintilla of evidence but less than a preponderance." *McGlothin v. Comm'r of Soc. Sec.*, 299 F. App'x 516, 522 (6th Cir. 2008) (internal quotation marks omitted). An administrative decision is not subject to reversal even if substantial evidence would have supported the opposite conclusion. *Ulman v. Comm'r of Soc. Sec.*, 693 F.3d 709, 713 (6th Cir. 2012).

### III. Analysis

Before Magistrate Judge Edwards, Claimant challenged the legal and evidentiary sufficiency of the ALJ's written decision on multiple grounds. Claimant F&L Summ., DN 13. These included challenges to the ALJ's physical residual functional capacity ("RFC") determination, mental-RFC determination, evaluation of opinion evidence, consideration of "other evidence," and resolution of purported contradictory evidence. *Id.* In the end, Magistrate

Judge Edwards concluded that all but one of Claimant's challenges were without merit. Report, DN 19. Moreover, she concluded that Claimant's sole meritorious challenge did not warrant reversal because the ALJ's error was harmless. *Id.* at PageID# 1908–10.

Now, Claimant lodges 11 discrete Objections to Magistrate Judge Edwards' Report. Objections, DN 22. These include:

- One Objection raising a new argument for the first time. *Id.* at PageID# 1923.
- Three Objections concerning the ALJ's consideration of workplace stressors. *Id.* at PageID# 1923, 1924, 1925.
- One Objection purporting that the ALJ inadequately explained his consideration of contradictory evidence. *Id.* at PageID# 1923–24.
- Two Objections concerning the ALJ's consideration of other evidence of Claimant's activities of daily living. *Id.* at PageID# 1923, 1926.
- One Objection contending that insufficient evidence supports the ALJ's RFC-determination. *Id.* at PageID# 1924–25.
- One Objection arguing that Magistrate Judge Edwards' harmless error finding is erroneous. *Id.* at PageID# 1926.
- One Objection submitting that Magistrate Judge Edwards found that the ALJ improperly considered certain evidence yet found no error. *Id.*
- One Objection concerning the hypothetical question the ALJ posed to the vocational expert. *Id.* at PageID# 1927.

Claimant's first Objection—that Magistrate Judge Edwards and the ALJ erred because they did not provide a "rationale as to why there is not a closed period of disability," *id.* at PageID# 1923—will be overruled as waived because she did not raise it in her Fact & Law Summary. *Swain v. Comm'r of Soc. Sec.*, 379 F. App'x 512, 517–18 (6th Cir. 2010) (claim forfeited when raised for the first time in an objection to a magistrate judge's report and recommendation).

Claimant's Objections to the ALJ's consideration of workplace stressors will likewise be overruled. They boil down to this: The "ALJ gave no consideration to the stress of the workplace" and did not consider evidence of Claimant being fired twice in considering her ability to adapt and manage in the workplace. Objections, DN 22 at PageID# 1923, 1924, 1925. These Objections are unmeritorious because the ALJ limited Claimant to "routine and low stress work" with "limited social contact." ALJ Op., DN 11 at PageID# 56. It goes without saying that, before imposing these functional limitations, the ALJ considered whether Claimant could sustain employment under the ordinary stressors of the workplace. If he believed that she could sustain such work, additional limitations on the nature of work would not have been imposed—but they were. Moreover, the ALJ directly addressed at least one of Claimant's firings: Claimant "had to stop working due to hallucinations that resulted in her getting into an altercation with a customer," *id.* at PageID# 53, contextualizing the ALJ's finding that Claimant can only perform work with "limited social contact." *Id.* at PageID# 56.

The court will also overrule Claimant's Objection that the ALJ improperly considered the record as a whole when rendering his decision by, in her view, inadequately resolving contradictory evidence. Objections, DN 22 at PageID# 1923–24. Specifically, Claimant contends that the ALJ inadequately resolved inconsistencies between the RFC-determination and Claimant's 2021 MRI results, the effects of her obesity, and her treatment with "narcotic medicine therapy." *Id.* But the results of Claimant's MRI and the effects of her obesity prompted the ALJ to limit her to sedentary work and the same functional (but not total) limitation of work is supported by multiple provider notes concerning Claimant's Norco treatment, which indicate that Claimant enjoyed pain relief despite her increased dosage. ALJ Op., DN 11 at PageID# 54. Thus, the court agrees with Magistrate Judge Edwards that the ALJ properly considered such

evidence when determining Claimant's RFC and that such evidence supports, rather than undermines, the RFC-determination. Report, DN 19 at PageID# 1896–97.

Claimant's next two Objections fail to convince. In them, Claimant submits that the ALJ didn't consider certain "other evidence"—namely, evidence of her activities of daily living—when making an RFC-determination because such evidence is not discussed in the ALJ's written decision. Objections, DN 22 at PageID# 1923, 1926. However, an ALJ need not address every piece of evidence in the record, *Thacker v. Comm'r of Soc. Sec.*, 99 F. App'x 661, 665 (6th Cir. 2004), and it is improper to presume that an ALJ didn't consider certain evidence simply because discussion of it is not to be found in the ALJ's decision, *Simons v. Barnhart*, 114 F. App'x 727, 733 (6th Cir. 2004). This case demonstrates why. Here, it is obvious that the ALJ considered Claimant's activities of daily living because his decision includes a detailed summary of Claimant's testimony from the telephonic hearing—testimony which included discussion of her activities of daily living. ALJ Op., DN 11 at PageID# 53. What's more, this summary immediately follows the ALJ's recitation of 20 C.F.R. § 416.929(c)(3)'s demands, among which include the ALJ's duty to consider the "claimant's daily activities" when assessing the severity of a claimant's symptoms. *Id.* The ALJ did not err by declining to expressly discuss all of Claimant's activities of daily living in writing because it is clear that he considered them in rendering his decision.

Relatedly, Claimant argues that insufficient evidence supports the ALJ's RFC-determination. Objections, DN 22 at PageID# 1924–25. However, Claimant advanced this same argument before Magistrate Judge Edwards—who rejected it—and Claimant has not meaningfully engaged with her thoughtful analysis. Report, DN 19 at PageID# 1900–02. Thus, this Objection will be overruled because it is general, rather than specific. *Howard*, 932 F.2d 505

at 509. Moreover, as Magistrate Judge Edwards explained, Claimant's argument does nothing more than urge the court to reach a contrary result based on select record evidence. Report, DN 19 at PageID# 1902. Such an argument is unavailing, as an administrative decision is not subject to reversal even if substantial evidence would have supported the opposite conclusion. *Ulman*, 693 F.3d at 713.

Claimant's Objection to Magistrate Judge Edwards' finding that the ALJ harmlessly erred by failing to comply with § 404.1520c(b)(2)'s articulation requirement is without merit, too. Objections, DN 22 at PageID# 1926. Failure to satisfy that articulation requirement does not mandate remand in every case. Remand is warranted only where the error is harmful. In *Wilson v. Comm'r of Soc. Sec.*, the Sixth Circuit set out a test for identifying harmless error under § 404.1520c(b)(2)'s predecessor, which was § 404.1527(c)(2), a regulation that required "good reasons" for failing to adopt a medical opinion. 378 F.3d 541 (6th Cir. 2004). Since the adoption of § 404.1520c(b)(2), several district courts in the Sixth Circuit (including this one) have applied the *Wilson* harmless-error factors to § 404.1520c(b)(2).[2] Magistrate Judge Edwards applied these standards. The court finds no reason to depart from this practice or that Magistrate Judge Edwards erred in applying them.

Under *Wilson*, harmless error may exist if (1) the underlying medical opinion is so patently deficient it cannot be credited; (2) the ALJ adopted the medical opinion at issue or made findings consistent with it; or (3) the ALJ met the goals of the pertinent procedural safeguards, despite a failure to strictly comply with the regulation. *Id.* at 547; *see also Friend v. Comm'r of Soc. Sec.*, 375 F. App'x 543, 551 (6th Cir. 2010). "In the last of these circumstances, the

---

[2] *See, e.g.*, *Jada H. v. O'Malley*, 2023 WL 10325777, at *2–4 (W.D. Ky. Feb. 16, 2024); *Moulden v. Kijakazi*, 2022 WL 178588, at *8 (W.D. Ky. Jan. 18, 2022); *Hardy*, 554 F. Supp. 3d at 909; *Vaughn v. Comm'r of Soc. Sec.*, 2021 WL 3056108, at *11 (W.D. Tenn. July 20, 2021); *Musolff v. Comm'r of Soc. Sec.*, 2022 WL 1571864, at *13 (N.D. Ohio Apr. 27, 2022), *report and recommendation adopted*, , 2022 WL 1568478 (N.D. Ohio May 17, 2022).

procedural protections at the heart of the rule may be met when the 'supportability' of a doctor's opinion, or its consistency with other evidence in the record, is *indirectly* attacked via an ALJ's analysis of a physician's other opinions or his analysis of the claimant's ailments." *Friend*, 375 F. App'x at 551 (citations omitted) (emphasis in original).

The third ground for finding harmless error is applicable here. The core of Claimant's Objection is that "no medical evidence is cited nor explanation made that allows a reviewer to understand the reasoning for the conclusion." Objections, DN 22 at PageID# 1926. The record shows that the opposite is true. Magistrate Judge Edwards explained how the ALJ's decision provided for meaningful review and met the pertinent policy goals, thus rendering the ALJ's failure to comply with § 404.1520c(b)(2) harmless error. Report, DN 22 at PageID# 1909–10 (explaining how the ALJ's analysis of Dr. Whitten's opinion permits meaningful review). Having independently reviewed the ALJ's decision, the court agrees with Magistrate Judge Edwards' conclusion: The ALJ's error was harmless.

Claimant also submits that Magistrate Judge Edwards found that the ALJ failed to "follow the regulations when he considered [Claimant's] hallucinations and memory issues" but declined to find any specific error. Objections, DN 22 at PageID# 1926. This Objection is unavailing because it mischaracterizes the Report. Magistrate Judge Edwards didn't conclude that the ALJ improperly considered evidence of Claimant's hallucinations and memory issues. Rather, she explained that the ALJ "recounted Claimant's testimony about these symptoms as a contrast to the medical evidence and used this contrast in formulating Claimant's mental RFC." Report, DN 19 at PageID# 1905. Claimant's Objection has no legs to stand on because it is premised on a misreading of the Report, so it will be overruled.

Claimant's final Objection will be overruled, too. In it, Claimant asserts that the hypothetical question posed by the ALJ to the vocational expert did not reflect Claimant's genuine functional limitations, and so the vocational expert's response to that hypothetical couldn't be relied upon in determining whether sufficient work existed in the national economy. Objections, DN 22 at PageID# 1927. This Objection is unavailing for the same reason Magistrate Judge Edwards relayed: The ALJ's RFC-determination was supported by substantial evidence, and his hypothetical question incorporated the limitations identified in that RFC-determination, so the ALJ properly relied on the vocational expert's response to the hypothetical question. Report, DN 19 at PageID# 1914–15.

## IV. Conclusion

For the reasons set forth above, the court **OVERRULES** Claimant's Objections, DN 22, and **ADOPTS** Magistrate Judge Edwards' well-reasoned Report, DN 19, as its opinion and incorporates it here by reference.

A separate judgment will be entered contemporaneously.

**IT IS SO ORDERED.**

August 27, 2024

Charles R. Simpson III, Senior Judge
United States District Court